UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | ( | NO. 03-16518, SECTION A |
| | ( | |
| MICHAEL L. JONES | ( | CHAPTER 13 |
| DEBTOR | ( | |
| | ( | |
| MICHAEL L. JONES | ( | ADVERSARY PROCEEDING |
| PLAINTIFF | ( | |
| | ( | CASE NO. 06-01093 |
| VERSUS | ( | |
| | ( | |
| WELLS FARGO HOME MORTGAGE | ( | |
| DEFENDANT | ( | |

REASONS FOR ORDER DENYING MOTION FOR RECONSIDERATION OF JUDGMENT

Wells Fargo Bank, N.A., ("Wells Fargo"), filed a Motion for Reconsideration of Judgment ("Motion for Reconsideration") on April 23, 2007(**P-72**), alleging: 1) improper imposition as to the burden of proof, 2) reliance on non-expert analysis of Wells Fargo's records, 3) that Wells Fargo should have the opportunity to provide its own expert witness, 4) that the Judgment does not consider or distinguish what Wells Fargo considers relevant case law, and 5) that the Judgment is generally not consistent with the facts or law.  For the reasons that follow, Wells Fargo's Motion for Reconsideration is DENIED.

Procedural Background

Plaintiff, Michael Jones ("Jones") filed a Complaint to Recover Property of the Estate on March 30, 2006, alleging that Wells Fargo improperly charged and collected fees, costs, and unknown charges from Jones and the estate during the administration of his bankruptcy proceeding. A trial on the merits was conducted on January 5, 2007, and this Court entered a Memorandum Opinion ("Opinion") and corresponding Judgment against Wells Fargo on April 13, 2007.  Wells

Fargo filed its Motion for Reconsideration on April 23, 2007.[1]

A Motion for New Trial or Amendment "is appropriate when the court is presented with newly-discovered evidence, when the court committed clear error, when there is an intervening change in the controlling law, or when other highly unusual circumstances exist." *Bercerra v. Asher*, 921 F.Supp. 1538, 1548 (S.D.Tex. 1996), *aff'd*, 105 F.3d 1042 (5th Cir. 1997). As the Motion does not provide newly-discovered evidence, does not set forth any facts or law which should be considered, or describe any circumstances, much less unusual ones, that indicate a new trial is necessary, the Court will proceed with the assumption that the Motion urges clear error. Under a clear error standard of review, the decision should be overturned only if, after a full review of the record, the court is left with a firm and definite conviction that it has made a mistake. *See, In re Cahill*, 428 F.3d 536, 542 (5th Cir. 2005).

## Discussion

Wells Fargo argues that Jones bore the burden of proof, and as a result, this Court, in its Opinion, improperly placed the burden of proof on the defendant, Wells Fargo. Upon review the Opinion and record, the Court finds that it properly placed the initial burden of proof on Jones. Jones met his burden by presenting testimony and evidence that demonstrated Wells Fargo improperly applied payments and caused Jones to pay more than required under the terms of his Note and Mortgage. After this point was established, Wells Fargo was given the opportunity to explain the obvious errors in its accounting and ultimately the calculation of its claim. It did not. The initial burden was properly placed upon Jones to establish errors in the calculation of the Wells Fargo debt. That burden was met based on documentary evidence, including accounting records and

---

[1] As there is no "Motion for Reconsideration" under the rules or code, this Court will treat the Motion as a Motion to Alter or Amend Judgment under Bankruptcy Rule 9023. *See, In re Aguilar*, 861 F.2d 873, 875 (5th Cir. 1988).

testimony supplied by Wells Fargo.

Additionally, the evidence showed that Wells Fargo assessed and collected postpetition charges without notifying the Court, Trustee, Jones, or his counsel; this factual finding was acknowledged by Wells Fargo. Once this was established, Wells Fargo was required to demonstrate that the fees or costs imposed were reasonable.[2]

Finally, Jones was able to demonstrate that Wells Fargo violated the automatic stay when it applied payments from property of the estate to satisfy undisclosed fees and charges without Court authority. Again, the application of estate property to undisclosed fees and charges was an unrefuted fact. The conversion of property of the estate without relief from the stay is a res ipsa loquitur violation. In any event, the Opinion sets forth this Court's findings in detail and there is no reason to repeat the legal analysis already set forth in the Opinion. As a result, Wells Fargo has not shown that the Court committed clear error by improperly assigning the burden on proof. The Court therefore finds that no clear error exists on this point.

Mover next argues that the Court relied upon Jones' interpretation of Wells Fargo's accounting in its Opinion and objects to the Court's alleged reliance on non-expert testimony. This argument fails for a number of reasons. First, after consideration of the record and evidence, the Court formulated the factual findings contained in the Opinion. The Court's Opinion references the accounting offered into evidence by Wells Fargo as well as the testimony of its representative. It also references correspondence delivered by Wells Fargo to plaintiff and admitted into evidence, as well as the stipulated or unrefuted facts in these proceedings. Contrary to Wells Fargo's assertion,

---

[2] *See,* Opinion, pgs. 17, 21.

the Opinion does not rely in principal on the testimony of Plaintiff or his non-expert opinions.[3]

Second, Wells Fargo gives no reason why the Court is required to have an expert witness interpret Wells Fargo's accounting. It is the Court's obligation to evaluate the evidence presented and make factual findings based on that evidence. In actuality, the Court used her own education and knowledge to decipher Wells Fargo's accounting. *See, e.g., In re Green Valley Beer,* 281 BR. 253 (Bankr. W.D.Pa. 2002)(court must rely on its own knowledge and experience in arriving at proper award); *The Eleanore*, 248 F. 472, 475 (6th Cir. 1918)(trial judge could use his own knowledge of navigation and seamanship to assist in deciding case). Neither side tendered an expert witness; the Court simply based its decision on the testimony and evidence admitted at trial. The Court did not commit clear error by interpreting the accounting without the aid of an expert witness.

Wells Fargo's third argument requests that the case be retried in order that it may tender its own expert witness. Wells Fargo had every opportunity to obtain an expert witness and present his or her testimony at trial, but chose not to do so. It has been noted that "a Rule 59(e) motion is not the proper vehicle fo rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *In re Lawley*, 2006 WL 2090209, at * 3 (Bankr. S.D. Tex. 2006). Wells Fargo's failure to adequately plan for trial does not set forth grounds for reconsideration. There was no clear error here.

Wells Fargo's fourth argument complains that the Court did not distinguish or explain caselaw that Wells Fargo believes was controlling or precedential. Wells Fargo conspicuously fails to provide a single case that the Court allegedly neglected to consider or distinguish in its Opinion. The Court notes that Wells Fargo cited over fifty cases in its pretrial and post-trial briefing of the

---

[3] Whether or not this Court relied on the testimony of non-experts is irrelevant. Nothing in the Bankruptcy Code, Bankruptcy Rules, Federal Rules of Civil Procedure, or Rules of Evidence requires the submission of expert testimony to render an Opinion. The Court as the trier of fact is singularly charged with this responsibility with or without the assistance of experts.

case. The Court reviewed each case cited by Wells Fargo in its briefs and found that the majority of cases were irrelevant to the issues presented, and certainly not controlling precedent. More disturbing was the fact that some of the cases cited, while relevant, did not support the proposition for which they were offered by Wells Fargo. *See, e.g., In re Coutee* (W.D.La. No. 03-52145). As a result, the Court discussed only those cases that were relevant or controlling. As Wells Fargo did not identify a single, controlling case that this Court overlooked in its Opinion, and which would mandate a contrary result, no clear error is found.

Finally, Wells Fargo asserts that this Court's Judgment is not consistent with the facts or the law. Once again, Wells Fargo fails to set forth specific facts or law that contradict the holding set forth in the Opinion. This Court sees no need to review its ruling based on Wells Fargo's unsubstantiated assertion that the Judgment is simply wrong.

In summary, Wells Fargo has asserted no valid reason for this Court to reconsider its Judgment. It has offered no evidence not previously available at trial, pointed to no new law, nor has it made any attempt to explain how this Court's decision contained any clear error.

An Order in accordance with these reasons will be entered separately.

New Orleans, Louisiana, May 1, 2007.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge